IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARRYL W. JACKSON, et al.,   )
                             )
            Plaintiffs,      )
                             )
     v.                      )   No.  06 C 3676
                             )
PAUL CERPA, et al.,          )
                             )
            Defendants.      )

## MEMORANDUM OPINION AND ORDER

As part of an effort to cabin the scope of this litigation, defendant Illinois Department of Transportation ("IDOT") has moved for summary judgment on the disparate impact claim that plaintiffs Darryl Jackson and DWJ Petroleum have advanced under the Illinois Civil Rights Act of 2003 ("Act"). Because that challenge poses a discrete issue,[1] this memorandum opinion and order is issued to deal with that subject alone. Other pending disputes between the parties will be dealt with in a later opinion or opinions.

What the parties' dispute boils down to is whether the requirement of appropriate <u>statistical evidence</u> that the federal courts had announced for federal disparate impact claims also extends to claims under the Act. As to the federal standard, despite the cavil advanced by plaintiffs' counsel, their own

---

[1] Where state law is involved, the operative concept is that of a "cause of action," not that of a "claim" as is true under federal law--see, e.g., <u>NAACP v. Am. Family Mut. Ins. Co.</u>, 978 F.2d 287, 291-93 (7th Cir. 1992).

March 4 filing on the subject has quoted language both from our Court of Appeals and from an earlier Supreme Court opinion, each of which confirms the statistical evidence requirement. Here is <u>Farrell v. Butler Univ.</u>, 421 F.3d 609, 616 (7th Cir. 2005)(citations and internal quotation marks omitted, and emphasis added) says on that score:

> In order to advance a disparate impact claim, the plaintiff must first establish a prima facie case by proving by a preponderance of the evidence that the employment policy or practice had an adverse disparate impact....The plaintiff must first isolate and identify the specific employment practices that are allegedly responsible for any observed statistical disparities, and second demonstrate causation by offering <u>statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotion because of their membership in protected group</u>.

And here is the comparable language from <u>Watson v. Fort Worth Bank & Trust</u>, 487 U.S. 977, 994-95 (1988)(<u>Watson</u> was one of the cases cited by <u>Farrell</u> in the earlier quotation):

> Once the employment practice at issue has been identified, causation must be proved; that is, the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group. Our formulations, which have never been framed in terms of any rigid mathematical formula, have consistently stressed that statistical disparities must be sufficiently substantial that they raise such an inference of causation.

To turn to Illinois law, IDOT has pointed to a recent Illinois Appellate Court opinion--<u>Ill. Native Am. Bar Ass'n v. Univ. of Ill.</u>, 368 Ill.App.3d 321, 856 N.E.2d 460 (1st Dist.

2

2006) that provides chapter and verse for the proposition that the Act was expressly intended to provide a state law remedy that was <u>identical</u> to the federal disparate impact canon. After a careful review of the Act's history before the Illinois General Assembly, the opinion concluded (<u>id</u>. at 327, 856 N.E.2d at 467):

> It is clear from the legislators' comments and from the language in subsection (b) of the statute that the Act was not intended to create new rights. It merely created a new venue in which plaintiffs could pursue in the State courts discrimination actions that had been available to them in the federal courts.

Here plaintiffs have offered only an anecdotal account, rather than any statistically meaningful showing of disparate impact on African-American-owned enterprises such as DWJ Petroleum. That failure of proof contravenes the teaching in <u>Mozee v. Am. Commercial Marine Serv. Co.</u>, 940 F.2d 1036, 1047 that "[a] statistical analysis must cross a threshold of reliability before it can show even a prima facie case of disparate impact."

In that regard defendants' March 18 Mem. 4 is accurate in stating that "[p]laintiffs here present merely a few raw numbers without analysis to explain their statistical significance." Defendants' Mem. 4-7 goes on to elaborate on that criticism, which this Court finds persuasive.

## <u>Conclusion</u>

Accordingly plaintiffs strike out on their state law claim of disparate impact. There is no genuine issue of material fact

3

in that respect, so that IDOT is entitled to a judgment as a matter of law regarding plaintiffs' Act-based claim.  This Court dismisses that claim with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 19, 2010