```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

DARRYL W. JACKSON, et al.,      )
                                )
            Plaintiffs,         )
                                )
     v.                         )    No.  06 C 3676
                                )
PAUL CERPA, et al.,             )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

Following the parties' completion and this Court's approval of a final pretrial order looking toward trial, each side has submitted motions in limine to which its adversaries have responded. This memorandum opinion and order will address the motions in limine filed by plaintiffs Darryl Jackson ("Jackson") and his corporation DWJ Petroleum, Inc. ("DWJ"), all seven of which motions are set out in Dkt. 153 and supported by a memorandum of law (Dkt. 152).[1]

Motions 1 and 6 seek to bar evidence as to Jackson's past business dealings with the Chicago Transit Authority and as to any then-existing suspicions that Jackson had operated DWJ as a "front" rather than as a legitimate Disadvantaged Business Enterprise ("DBE"). Defendants' response (more accurately a nonresponse) seeks to argue the relevance of such issues in terms of a decision made during 2003 to deny DBE certification to DWJ,

---

[1] Defendants' motions in limine will be addressed in a later opinion.

a matter in which targeted defendant Paul Cerpa ("Cerpa") was directly involved.

But this Court went back to the parties' submissions on defendants' unsuccessful Fed. R. Civ. P. 56 motion and found it uncontested that at the critical time <u>for purposes of this litigation</u> DWJ did possess the necessary Illinois Department of Transportation ("IDOT") certification, so that Cerpa's earlier (or even present) views to the contrary were (or are) irrelevant or worse. Plaintiffs' submission on the summary judgment motion had stated that expressly (Dkt. 109 at 1):

> This case involves DWJ Petroleum the low-bidding African-American owned subcontractor on the Dan Ryan "1x" and "2x" projects. DWJ was certified by the Illinois Department of Transportation (IDOT) as a Disadvantage [sic] Business Enterprise (DBE) eligible to participate in the Federally required affirmative action DBE program.

And that position was left unchallenged in defendants' summary judgment reply, which specifically spoke of DWJ's claimed inability to do the work, <u>not</u> of any dispute as to its DBE status. Hence plaintiffs' Motions 1 and 6 are granted.

Next plaintiffs' Motion 2 asserts the waiver of a so-called "ratification" defense based on the decision of Illinois Secretary of Transportation Timothy Martin to reject the initial U-Plans submitted by approved general contractor Walsh Construction ("Walsh") because DWJ was included as a subcontractor. That motion has been overtaken by supervening

2

events, because just today (March 1) the United States Supreme Court has rejected our Court of Appeals' overly stringent approach to respondeat superior liability in the fields of discrimination such as that charged here (Staub v. Proctor Hosp., No. 09-400, 2011 WL 691244 (U.S. Mar. 1), reversing 560 F.3d 647 (7th Cir. 2010)). Staub has definitively announced the applicability of tort law principles of proximate cause to that subject (the same approach that this Court, though it makes no pretensions of prescience, has always advocated). It is thus irrelevant whether defendants did or did not waive the no-longer-viable defense of "ratification." So Motion 2 is also granted, albeit on grounds of mootness rather than waiver.

Motion 3 challenges the propriety of defendants' introduction of evidence as to plaintiffs' asserted inability to perform the subcontract work that general contractor Walsh was forced to take away from them. Plaintiffs' submission has demonstrated that at least in principal part any such contention by defendants must be viewed as a red herring.

This is not to say that defendants' purported concerns as to DWJ's inexperience with rebar work (a claimed defense to plaintiffs' assertion of pretext, and an issue the significance of which the parties are prepared to contest) may be kept from the jury. But the issue of DWJ's then-current readiness or unreadiness to perform the subcontract is really a nonissue. As

3

plaintiffs' counsel points out, DWJ's replacement on the subcontract had just one employee--a foreman who worked four hours--at the time of its first payroll, while 25 payrolls later the same subcontractor had 16 employees on just one of the two subcontracts at issue.

So plaintiffs' counsel is right in urging that taking the subcontract away from DWJ eliminated any relevance of evidence as to its ability or inability to "gear up" for the work involved if it had been retained as a subcontractor by general contractor Walsh. Motion 3 is granted as well.

Motion 4 calls for a like ruling based on the size of the project, for nothing supports any exemption in that respect from the Federal Regulations covering the DBE program. That motion is also granted.

Next, the same is also true as to Motion 5, which asserts that any concerns about the ability of a DBE to perform a subcontract do not allow IDOT to deviate from its established procedures and policies. Like the preceding Motion 4, that has been confirmed by the deposition of Mark Bennett, the Section Manager of Labor Contract Compliance at the time of the events at issue in this litigation.

Finally, plaintiffs challenge defendants' contention that any evidence as to a decades-old conviction of Dante Buonaguidi ("Buonaguidi") should be admissible despite the prohibition set

4

out in Fed. R. Evid. 609(b). On that score defendants have apparently taken it upon themselves to enact a new Federal Rule of Evidence--a rule that would invoke Fed. R. Evid. 404(b) to urge the admissibility of such a time-outlawed conviction.

Indeed, defendants astonishingly assert that <u>this Court</u> should take that concededly inadmissible "past criminal conviction into account in evaluating and ruling on Defendants' motion to bar his testimony at trial." That position is of course nonsensical-- this Court will instead rule on the admissibility or inadmissibility of Buonaguidi's testimony on its merits, <u>not</u> by violating the Fed. R. Evid. 609(b) time limit.

<u>Conclusion</u>

Plaintiffs' motions in limine are granted in their entirety. As indicated at the outset, this Court hopes to turn to defendants' motions in limine very shortly.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 1, 2011

5